

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2006

# Liem v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4248

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Liem v. Atty Gen USA" (2006). *2006 Decisions.* Paper 50.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/50

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4248
_____

GIOK LANG LIEM,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A79-331-026)
Immigration Judge: R. K. Malloy

_____

Submitted Under Third Circuit LAR 34.1(a)
October 4, 2006

Before: McKEE, AMBRO, and NYGAARD, Circuit Judges.

(Filed December 21, 2006 )

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Petitioner Giok Lang Liem, a native and citizen of Indonesia, seeks review of a final order of removal issued by the Bureau of Immigration Appeals (BIA). Specifically, the Petitioner is appealing the decision of the Immigration Judge denying her application for asylum based on her Chinese ethnicity and her Christian religion. We will deny the petition for review.

## I.

Because we write for the sole benefit of the parties to this appeal, we will recite only the facts necessary to our analysis. Petitioner Giok Lang Liem is a citizen and native of Indonesia and was admitted to the United States as a non-immigrant. Petitioner stayed in this country longer than was permitted. Removal proceedings were initiated against her when the former Immigration and Naturalization Service (INS) served Petitioner with a Notice to Appear charging her with removability under 8 U.S.C. § 1227(a)(1)(B). Petitioner conceded removability, but requested a grant of asylum, withholding of removal, protection under the Convention Against Torture, or alternatively, the privilege of voluntary departure.

## II.

Petitioner maintains she was persecuted in Indonesia because of her Chinese ethnicity and her identification with the Christian religion. At her removal hearing, the Petitioner was asked if she had experienced any persecution in Indonesia on account of her ethnicity or religion. She testified that an individual of Chinese ethnicity is

"looked down upon." Petitioner further indicated that, in Indonesia, individuals of Chinese ethnicity are "ridiculed and called names." When asked if she had experienced any problems or persecution on account of her religion, Petitioner was equally vague, indicating to the immigration judge that "many churches had been destroyed." Although the administrative record is replete with the Petitioner's statements indicating the general problems and/or incidents of persecution experienced by other individuals and members of her family, it is lacking in any particularized incidents of persecution associated directly with the Petitioner herself. She testified that she has never experienced any problems or persecution personally while she was living in Indonesia. Specifically, when asked whether she had actually been prohibited from attending church services in Indonesia, she indicated "No." A.R. at 83. When asked whether she had ever experienced any physical harm of any kind while living in Indonesia, she testified "no, not myself." Id.

Based on the caliber and content of this testimony and admissions, the immigration court determined that the Petitioner "utterly failed to establish that she suffered past persecution on account of her ethnicity or religion." A.R. at 44. Additionally, the immigration court did not find that she would suffer future persecution if returned to Indonesia or that she would experience government-sponsored torture if she returned. A.R. at 45-46. The Board of Immigration Appeals affirmed this determination and Petitioner filed the instant Petition for Review with this court.

3

The Petitioner must demonstrate a "clear probability" that her life or freedom would be threatened if she is deported in order to qualify for withholding of removal. *See Mulanga v. Ashcroft*, 349 F.3d 123, 132 (3d Cir. 2003). Under that standard, we must determine whether it is more likely than not that the Petitioner would be subjected persecution were she to return. Id. It is the Petitioner's burden to prove that her life or freedom would be threatened on account of her ethnicity and/or her religion. 8 C.F.R. § 1208.16(b). Furthermore, we review the immigration court's factual determinations that the Petitioner failed to demonstrate eligibility for relief for "substantial evidence." This means that we will uphold the immigration court's findings if they are supported by "reasonable, substantial and probative evidence on the record when considered as a whole." *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003); *see also Sukwanputra v. Gonzales*, 434 F.3d 627, 630 n.2 (3d Cir. 2006). Petitioner has not met this burden.

Our review of the administrative record, specifically the Petitioner's own testimony conclusively demonstrates that she herself admits to never having been harmed in Indonesia, and to never having been prohibited from attending church. As we have pointed out earlier, every incident of persecution she highlighted in her testimony was reported generally or happened to some member of her family. Additionally, the record

indicates the Petitioner's admission that her principal reason for wishing to remain in the United States is economic opportunity, not fear of persecution.  A.R. 85.

IV.

We conclude that the Petitioner has not established a claim of past or future persecution, either by reason of her ethnicity or her religious affiliation, and that the immigration judge's decision in this matter is supported by substantial evidence. Accordingly, we will affirm the B.I.A.'s denial of withholding of removal.

For the foregoing reasons, the petition for review will be denied.